UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAMIEN DESHAWN P.,

   Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

   Defendant.

Case No. C24-0055 RSM

**ORDER AFFIRMING AND DISMISSING THE CASE**

Plaintiff, proceeding *pro se*, seeks review of the denial of his applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). Plaintiff contends the ALJ erred in evaluating his symptom testimony and the medical opinion evidence and at step five. Dkt. 13. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 45 years old, has at least a high school education, and has worked as a security guard, sous chef, and tour guide. Admin. Record (AR) 41–42. Plaintiff applied for DIB in June 2020 and for SSI in December 2020, alleging disability as of February 28, 2020, on both applications. AR 157, 163, 171, 176. Plaintiff's applications were denied initially and on reconsideration. AR 161, 167, 174, 179. The ALJ conducted a hearing in August 2022 (AR

ORDER AFFIRMING AND DISMISSING
THE CASE - 1

121–54) and issued a decision finding Plaintiff not disabled in January 2023. AR 32–47.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

"Where a party proceeds *pro se*, the Court must construe the allegations of the pleading liberally and afford him the benefit of any doubt." *See Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985). Here, Plaintiff assigns no specific errors to the ALJ's decision but generally states "[a]ll of the medical evidence … support [his] mobility issues." Dkt. 13 at 3. The Court construes this as Plaintiff assigning error to the ALJ's evaluation of his symptom testimony and the medical opinion evidence. Plaintiff also appears to argue he is unable to perform the jobs the ALJ determined at step five. *See id*. at 4. The Court construes this as Plaintiff assigning error to the ALJ's findings at step five.

**1.      Plaintiff's Symptom Testimony**

Plaintiff testified he is unable to work because of knee pain and foot pain resulting from frostbite. AR 130–32, 139. He testified he can stand up for 15 minutes before needing to sit down and can sit for 20 minutes before needing to stand up to stretch. AR 145–46. He also stated he has to use knee braces and a cane and often has to proceed at a slow pace. AR 147–48.

Where, as here, an ALJ determines a claimant has presented objective medical evidence

ORDER AFFIRMING AND DISMISSING
THE CASE - 2

establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Here, the ALJ found Plaintiff's testimony inconsistent with his activity level. AR 39. "Even if the claimant experiences some difficulty or pain, [his] daily activities 'may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.'" *Smartt*, 53 F.4th at 499. The record shows Plaintiff is able to perform several household chores, take public transportation, and he "goes to the park or walks around the city." AR 386–87. Plaintiff's ability to engage in these activities undermines the alleged severity of his mobility. The ALJ reasonably found Plaintiff's testimony inconsistent with Plaintiff's activity level.

The ALJ also rejected Plaintiff's testimony because his record lacked objective medical evidence supporting his allegations. AR 40. "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498. Here, the ALJ pointed to a physical examination by Mr. Malpica, showing Plaintiff was able to rise from his chair and walk to the examination table, as well as get on and off the table, without assistance and with no observations of pain. AR 387. Plaintiff was also able to heel-toe walk without assistance and squat with table support, and was observed as having steady and non-antalgic gait. *See id*. Other examinations also revealed Plaintiff's knee has normal range of motion without pain and without

neurological deficit. AR 389, 407. Plaintiff's lower extremity also has full strength with no atrophy. AR 407. The ALJ also highlighted imaging of Plaintiff's knees showing normal alignment with no evidence of joint effusion or acute fracture. AR 400–04. Based on the normal findings of Plaintiff's physical examinations and imaging, the ALJ reasonably found Plaintiff's testimony inconsistent with the objective medical evidence.

Plaintiff generally refers to his treatment records, but most do not discuss his knee impairment or do not substantiate his statements about the severity of his foot. *See* Dkt. 13 at 3–4. Instead, the record shows that with proper tending to the wound in his foot, he would likely see "progress towards healing." AR 86.

In sum, because the ALJ provided at least one valid reason, supported by substantial evidence, to reject Plaintiff's symptom testimony, and because Plaintiff has presented no other evidence to refute the ALJ's reasonable findings, the Court finds the ALJ did not err in evaluating Plaintiff's symptom testimony.

### 2. Medical Opinion Evidence

Under the applicable rules, the ALJ must "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions" by considering their supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.152c(c), 416.920c(c). The ALJ is specifically required to consider the two most important factors, supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The supportability factor requires the ALJ to consider the relevance of the objective medical evidence and the supporting explanations presented by the medical source to justify their opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The consistency factor involves consideration of how consistent a medical opinion is with the other record evidence. 20 C.F.R.

§§ 404.1520c(c)(2); 416.920c(c)(2).  Further, under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

### a. Mr. Malpica, P.A.

Mr. Malpica opined Plaintiff is able to stand/walk for four to five hours cumulative in an eight-hour workday with breaks, 30-40 minutes at a time.  AR 391.  Mr. Malpica also opined Plaintiff is able to sit for four to five hours cumulative in an eight-hour workday with breaks, 30 to 40 minutes at a time.  AR 392.  Mr. Malpica further opined Plaintiff's abilities in lifting/carrying, pushing/pulling, reaching, and gripping are mildly limited.  *Id*.

The ALJ found Mr. Malpica's opinion persuasive because it is supported by his own examination results, which, as discussed previously, show Plaintiff physically able to move about with a steady gait and no observations of pain.  AR 387.  His examination also revealed Plaintiff's knee has normal range of motion without pain and without neurological deficit, as well as normal findings with his lower extremities   AR 389.  The ALJ also found Mr. Malpica's opinion consistent with Plaintiff's activities, which, as discussed, indicate he is not as physically limited.  *See* AR 386–87.  It is also consistent with objective medical evidence showing no abnormalities with his knees.  *See* AR 400–02, 403–07.  Based the results of Mr. Malpica's own examination, the objective evidence throughout Plaintiff's record, and Plaintiff's own reports of activities, the Court cannot say the ALJ erred in finding Mr. Malpica's opinion supported and consistent with the record.

### b. Dr. Virji

Dr. Virji opined Plaintiff is able to stand and/or walk (with normal breaks) for six hours

1   in an eight-hour workday and sit (with normal breaks) for six hours in an eight-hour workday.
2   AR 159.  Dr. Virji also opined Plaintiff has no postural limitations, except he can occasionally
3   climb ladders/ropes/scaffolds and occasionally kneel.  AR 159–60.
4     The ALJ found Dr. Virji's opinion mostly persuasive because it is consistent with
5   Plaintiff's record.  AR 41.  The ALJ's assessment is reasonable, given the evidence, as discussed,
6   shows Plaintiff's normal physical examinations and imaging, and ability to engage in various
7   activities of daily living.  Further, even if the ALJ erred, the error would be harmless because the
8   ALJ assessed an RFC more restrictive than Dr. Virji's opinion.  *See Molina*, 674 F.3d at 1115.
9     **c.**  **Dr. Deem**
10    Dr. Deem opined Plaintiff is able to stand/walk for six hours in an eight-hour workday
11  and has no sitting limitations.  AR 408.  Dr. Deem also opined Plaintiff requires a cane and has
12  some postural limitations.  *Id*.
13    The ALJ rejected Dr. Deem's opinion because it is inconsistent with the record, including
14  her own treatment notes.  AR 41.  The ALJ's assessment is reasonable given Dr. Deem's other
15  notes show different limitations and conflicting information regarding Plaintiff's need for an
16  assistive device.  *See* AR 409–16.  The record also contains little evidence to support Plaintiff's
17  need for a cane besides Plaintiff's testimony, which the Court has found the ALJ reasonably
18  rejected.  Further, even if the ALJ erred, the error would be harmless with regards to her opinion
19  about Plaintiff's standing and walking limitations because the ALJ assessed an RFC more
20  restrictive than Dr. Deem's opinion.  *See Molina*, 674 F.3d at 1115.
21    Given the ALJ's reasonable assessments of the opinions of Mr. Malpica, Dr. Virji, and
22  Dr. Deem, and because Plaintiff has presented no contradictory evidence, the Court finds no
23  error with the ALJ's evaluation of the medical opinion evidence.

ORDER AFFIRMING AND DISMISSING
THE CASE - 6

### 3. Step Five

At step five, the ALJ found that based on the assessment of Plaintiff's RFC, Plaintiff can perform the occupations of small parts assembler, laundry worker, and cashier. AR 42–43. Plaintiff appears to argue that because these occupations "require an individual to demonstrative extensive labor," he is unable to do perform them. *See* Dkt. 13 at 3–4. This argument is derivative of Plaintiff's other arguments, as it is based on the contention that the ALJ failed to properly evaluate his symptom testimony and the medical evidence. *See id.* Because the Court has found the ALJ did not harmfully err in those portions of the opinion, Plaintiff's argument fails. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (holding that an ALJ has no obligation to include limitations in the RFC that are based on properly rejected opinions and testimony).

### CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 20th day of June, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE